# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2958

———————

| | | |
|---|---|---|
| Anantkumar Patel; Meenaben Patel, | * | |
| | * | |
| Petitioners, | * | |
| | * | |
| | * | Petition for Review of a Final |
| v. | * | Decision of the Board of |
| | * | Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

———————

Submitted: June 16, 2011
Filed: August 31, 2011

———————

Before MURPHY and SMITH, Circuit Judges, and SCHREIER,[1] District Judge.

———————

SMITH, Circuit Judge.

Anantkumar Baldevbhai Patel ("Mr. Patel") and his wife, Meenaben Patel ("Mrs. Patel"), natives and citizens of India, petition for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of their motions to reopen and rescind their *in absentia* orders of deportation to India. Mr. and Mrs. Patel contend that they did not receive proper notice of the deportation hearing, which the IJ held *in absentia*. We deny the petition.

———————

[1]The Honorable Karen E. Schreier, Chief Judge, United States District Court for the District of South Dakota, sitting by designation.

## I. *Background*

Mr. and Mrs. Patel are natives and citizens of India who entered the United States on January 17, 1992, as nonimmigrant visitors with authorization to remain in the United States until July 16, 1992. After arriving in the United States, they filed applications for asylum with the Immigration and Naturalization Service (INS). In their applications, Mr. and Mrs. Patel listed their address as "8267 Austin Street, #316, Key Garden, New York, N.Y. 11415" ("New York address").

An asylum officer in Newark, New Jersey, referred the asylum applications to the immigration court on October 8, 1993, by preparing and issuing an "Order To Show Cause and Notice of Hearing" (OSC) against Mr. Patel. The OSC charged Mr. Patel with deportability under Immigration and Nationality Act (INA) § 241(a), 8 U.S.C. § 1251(a) (1994), as an alien who was admitted to the United States as a nonimmigrant for a temporary period but remained longer than permitted. On November 2, 1993, the INS sent the OSC via certified mail, return receipt requested, to the address that Mr. Patel provided in his asylum application—the New York address.

Mr. and Mrs. Patel's files were later transferred to the Kansas City INS office where, on August 17, 1995, an immigration agent reviewed the files and prepared a Form I-213—"Record of Deportable Alien"—for Mrs. Patel. This form indicated that Mr. and Mrs. Patel had previously filed a Form I-765—"Application for Employment Authorization"—listing their current address as "12471 Oberlin #21, St. Louis, Missouri 63146" ("St. Louis address"). The form also noted that the Newark asylum officer had denied Mr. and Mrs. Patel's applications for asylum on October 8, 1993, and that they appeared deportable under INA § 241(a), 8 U.S.C. § 1251(a) (1994).

Accordingly, on August 18, 1995, the INS re-served Mr. Patel with the OSC dated October 8, 1993, and individually served Mrs. Patel with her own OSC dated August 18, 1995, at the address that they provided in their Form I-765—the St. Louis

address. The OSCs were again sent via certified mail, return receipt requested. The OSCs informed Mr. and Mrs. Patel that further notice of the date and place of their deportation hearing would be mailed to them by the immigration court at the address that they provided and contained the following language:

> You are required by law to provide immediately in writing an address (and telephone number, if any) where you can be contacted. You are required to provide written notice, within five (5) days, of any change in your address or telephone number to the office of the Immigration Judge listed in this notice. Any notices will be mailed only to the last address provided by you. If you are represented, notice will be sent to your representative. If you fail to appear at the scheduled deportation hearing, you will be ordered deported *in your absence* if it is established that you are deportable and you have been provided the appropriate notice of the hearing.

The OSCs advised Mr. and Mrs. Patel that the INS would be filing the OSCs with the immigration court in Houston, Texas. They also provided them with the Houston court's address and instructed them to "report any changes of your address or telephone number in writing" to that address.

On August 30, 1995, Mr. Patel received his OSC, as evidenced by a signed return receipt. On September 9, 1995, Mrs. Patel received her OSC, also as evidenced by a signed return receipt.

On November 3, 1995, the immigration court sent two separate "Notice[s] of Hearing In Deportation Proceedings" to Mr. and Mrs. Patel via certified mail, return receipt requested, at the same address used for their OSCs —the St. Louis address. The notices of deportation proceedings informed Mr. and Mrs. Patel that they were scheduled for a hearing before an IJ on January 9, 1996. The notices also warned them that if they failed to appear for their hearing, the hearing could take place in their absence and that the IJ could enter an order of deportation against them. The notices

contained the following language regarding Mr. and Mrs. Patel's obligation to update their address with the immigration court:

> IF YOUR ADDRESS IS NOT LISTED ON THE ORDER TO SHOW CAUSE, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE OFFICE OF THE IMMIGRATION JUDGE HOUSTON, TX, WRITTEN NOTICE OF YOUR ADDRESS AND PHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. IF YOU CHANGE YOUR ADDRESS, YOU MUST PROVIDE TO THE OFFICE OF THE IMMIGRATION JUDGE WRITTEN NOTICE WITHIN FIVE DAYS OF ANY CHANGE OF ADDRESS, ON FORM EOIR 33. WRITTEN NOTICE TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU, AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

On November 28, 1995, Mr. Patel and Mrs. Patel each received these notices of deportation proceedings, as evidenced by signed return receipts.

Mr. and Mrs. Patel failed to appear at their January 9, 1996 hearing. The following day, the immigration court issued new hearing notices for Mr. and Mrs. Patel, notifying them that they were scheduled for a hearing before an IJ on March 12, 1996. The notices were sent via certified mail, return receipt requested, to the St. Louis address. On January 16, 1996, the notices were returned to the immigration court. Stickers located on the returned envelopes provided the immigration court with Mr. and Mrs. Patel's forwarding address: "1627 S[.]Michigan Ave[.] #203[,] Villa Park[,] IL 60181-4101" ("Villa Park address").

Upon receiving Mr. and Mrs. Patel's forwarding address, the immigration court issued new hearing notices, dated January 18, 1996, again notifying them of their scheduled hearing before an IJ on March 12, 1996. The immigration court mailed the

-4-

notices via certified mail, return receipt requested, to the Villa Park address but omitted the apartment number on the notices. The immigration court received the signed return receipts on February 22, 1996, indicating that the notices were delivered and signed for by Mr. and Mrs. Patel two days earlier.

Mr. and Mrs. Patel failed to appear at their March 12, 1996 hearing. The IJ admitted as evidence of alienage and deportability the Form I-213 that INS submitted, as well as Mr. Patel's Form I-94—"Arrival-Departure Record." The IJ entered an *in absentia* deportation order against Mr. and Mrs. Patel. The immigration court served the written decisions via mail on Mr. and Mrs. Patel at their Villa Park address.

In May 2009, Mr. and Mrs. Patel, through counsel, filed motions to reopen with the immigration court. In their motions, they claimed that their *in absentia* deportation orders should be rescinded because they never received notice of their March 12, 1996 hearing. According to Mr. and Mrs. Patel, they were "not properly served with the Notice to Appear." They alleged that "[a] review of the record of proceedings indicates that all communications from the Newark Asylum Office to the Respondent[s], for Service of the Order to Show Cause were never received by the Respondent[s]." Similarly, they asserted that "[t]he Record of Proceedings also indicates that notices sent by the Houston Immigration Court were not received or signed by the Respondent or a responsible person required under the statute." In support of their motions to reopen, they submitted various leases to show their residences during the time of the removal proceedings. They also attached to their motions a copy of a letter dated May 31, 1995, providing INS with their Villa Park address. Additionally, they submitted affidavits providing a chronology of their addresses.[2] They claimed to have never received the August 18, 1995 OSCs. And, they

---

[2]According to their affidavits, they resided at (1) the St. Louis address from October 20, 1994, to December 16, 1994; (2) the Villa Park address from December 16, 1994, to June 30, 1995, and (3) "4119 Lawndale Avenue, Apt. 2, Lyons, Ill. 60534" ("Lyons address") from July 1, 1995, to June 30, 1996.

stated that they never received "any notice for hearing sent by the Houston Immigration Court, to Appear for Hearing at the Saint Louis Immigration Court on March 12, 1996."

On July 21, 2009, the IJ denied Mr. and Mrs. Patel's motions to reopen because

> [c]opies of signed certified mail receipts prove that [Mr. and Mrs. Patel] did receive actual notice of both the January 9, 1996 and the March 12, 1996 hearings. Furthermore, notice requirements were satisfied when notice was provided to the last address given by [Mr. and Mrs. Patel]. [Mr. and Mrs. Patel] claim[] [they] did not receive notice of the March 12, 1996 hearing because [they] had already moved to Lyons, Illinois. However, [Mr. and Mrs. Patel] never provided the Court with [their] Lyons, Illinois address.
>
> Because the Court gave proper notice, [Mr. and Mrs. Patel] had to comply with the Regulation requirements in order to reopen [their] case[s]. [They] did not satisfy these requirements. [They] did not file [their] motion[s] to reopen within 60 days of the order of removal.[3] [They] also offered no evidence that exceptional circumstances caused [their] absence from the proceeding. As a result, [their] case[s] cannot be reopened.

Mr. and Mrs. Patel timely appealed to the BIA the IJ's decision denying their motions to reopen. They asserted that they failed to receive proper notice of their deportation proceedings. The BIA issued individualized decisions dismissing their

[3]In its brief, the government concedes that the IJ erred in making this statement because "[t]he provision that the [IJ] cited to support this conclusion referred to the time limits for filing a petition for review from an *in absentia* order, not the time limits for filing a motion to reopen." (Citing INA § 242B(c)(4), 8 U.S.C. § 1252b(c)(4).) But the government notes that the BIA "did not affirm the [IJ's] finding that Petitioners failed to timely file their motion to reopen within sixty days of the *in absentia* order." We agree with the government that "the [IJ's] error is irrelevant and not properly before this [c]ourt."

-6-

appeals. According to the BIA, the record demonstrated that the OSCs were sent via certified mail to Mr. and Mrs. Patel's last known address. The BIA noted that the record contained photocopies of certified return receipts indicating that the OSCs were delivered and signed for by Mr. Patel on August 30, 1995, and Mrs. Patel on September 9, 1995. These OSCs informed Mr. and Mrs. Patel "of the consequences of a failure to appear and of [their] need to inform the Immigration Court of any changes in [their] address." Additionally, the BIA stated that the immigration court "sent a notice of hearing dated November 3, 1995, by certified mail to the address contained on the [OSCs] informing the respondent[s] of a scheduled hearing on January 9, 1996." The BIA observed that "return receipt[s] indicate[] that [they] w[ere] signed for by the respondent[s] on November 28, 1995." The BIA determined that after Mr. and Mrs. Patel failed to appear at the hearing, the immigration court sent via certified mail a second notice of hearing to both Mr. and Mrs. Patel on January 10, 1996, to the address contained on the OSCs; these notices informed Mr. and Mrs. Patel of a hearing scheduled for March 12, 1996. According to the BIA, after these notices were returned to the immigration court with a forwarding address in Villa Park, Illinois, the immigration court sent via certified mail a third notice of hearing to both Mr. and Mrs. Patel on January 18, 1996, to the new address. The BIA noted that "return receipt[s] indicate[] that [they] were signed for by the respondent[s] on February 20, 1996."

Relying on *In re Huete*, 20 I. & N. Dec. 250 (BIA 1991), and *In re Grijalva*, 21 I. & N. Dec. 27 (BIA 1995),[4] the BIA concluded that Mr. and Mrs. Patel received proper notice of their hearing because the OSCs and hearing notices were sent via certified mail and the signed return receipts were contained in the record. Finally, the BIA declined to *sua sponte* reopen the proceedings, concluding that the motions failed

---

[4]*Superseded by statute on other grounds*, 8 U.S.C. § 1229(a)(1), *as stated in Nibagwire v. Gonzales*, 450 F.3d 153, 156 (4th Cir. 2006).

to establish "an 'exceptional' situation sufficient to warrant reopening of [Mr. and Mrs. Patel's] deportation proceedings."

## II. *Discussion*

On appeal, Mr. and Mrs. Patel argue that the BIA erred in dismissing their motions to reopen their deportation proceedings; they contend that they never received the OSCs informing them of the deportation proceedings against them or the notices of the deportation proceedings.

"Deportation proceedings commenced before April 1, 1997, and concluded after October 30, 1996, are governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ('IIRIRA')." *Rodriguez-Cuate v. Gonzales*, 444 F.3d 1015, 1016 n.2 (8th Cir. 2006) (citing IIRIRA, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-625 (Sept. 30, 1996); *Fisher v. INS*, 291 F.3d 491, 496 (8th Cir. 2002)). Here, Mr. Patel's OSC was originally issued on October 8, 1993, and Mrs. Patel's OSC was issued on August 18, 1995. The BIA issued its final order in their cases on August 26, 2010. Accordingly, "the transitional rules apply." *Id.* ("Because Rodriguez-Cuate was placed in proceedings on October 28, 1994, and the BIA issued the final order in this case on October 25, 2004, the transitional rules apply."). "All references to the United States Code are to the 1994 version unless otherwise noted." *Id.*

"'Motions for reopening of immigration proceedings are disfavored' because 'as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States.'" *Id.* at 1017 (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). This court "review[s] the denial of a motion to reopen deportation proceedings for abuse of discretion." *Id.* "We review the BIA's decision as the final agency action, including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA." *Lovan v. Holder*, 574 F.3d 990, 993 (8th Cir. 2009) (quotation and citation omitted).

A. *Notices of Deportation Proceedings*

Mr. and Mrs. Patel's main contention is that the IJ and BIA used the wrong legal standard in deciding that they did receive proper notice of the date and time of their deportation hearings. They contend that the evidence shows that the notices were mailed to an incomplete partial address and thus provided inadequate notice.

"An alien may file a motion to reopen his immigration proceedings in order to rescind an in absentia deportation order at any time if the alien demonstrates that he did not receive proper notice of the proceedings." *Rodriguez-Cuate*, 444 F.3d at 1017 (citing 8 U.S.C. § 1252b(c)(3)(B)). Prior to IIRIRA's enactment, "immigration officials were required to give an alien written notice of the proceedings in person or by certified mail." *Id.* (citing 8 U.S.C. § 1252b(a)(1)). "Written notice of deportation proceedings sent to an alien's last known address by certified mail is sufficient under the statute; there is no requirement that the certified mail receipt be signed by the alien or by a responsible person at the alien's address in order to effect service." *Id.* (citing *Grijalva*, 21 I. & N. Dec. at 33; *United States v. Minn. Trust Co.*, 59 F.3d 87, 90 n.3 (8th Cir. 1995)).

"'[A] strong presumption of effective service arises'" when such "written 'notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail.'" *Id.* (quoting *Grijalva*, 21 I. & N. Dec. at 37). "The strong presumption of effective service for certified mail may be overcome, however, by 'substantial and probative evidence' of 'nondelivery or improper delivery by the Postal Service.'" *Id.* at 1017–18 (quoting *Grijalva*, 21 I. & N. Dec. at 37). "[S]ubstantial and probative evidence" includes "documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail." *Grijalva*, 21 I. & N. Dec. at 37. But "[a]n alien's 'bald and unsupported denial of

receipt . . . is not sufficient to support a motion to reopen to rescind an in absentia order.'" *Rodriguez-Cuate*, 444 F.3d at 1018 (quoting *Grijalva*, 21 I. & N. Dec. at 37).

Here, the BIA did not abuse its discretion in denying Mr. and Mrs. Patel's motions to reopen. Mr. and Mrs. Patel failed to present substantial and probative evidence to rebut the presumption of effective service of the notices of deportation proceedings sent via certified mail. The record reflects that on November 3, 1995, the immigration court sent two separate notices of deportation proceedings to Mr. and Mrs. Patel via certified mail, return receipt requested, at the St. Louis address—the address that Mr. and Mrs. Patel had listed in their Form I-765. These notices informed them of a hearing on January 9, 1996. Signed return receipts indicate that Mr. and Mrs. Patel received these notices on November 28, 1995. As a result, "a strong presumption of effective service arises" because "written notice of [the] deportation proceeding [was] sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail." *Id.* at 1017 (quotation and citation omitted).

Furthermore, after Mr. and Mrs. Patel failed to appear for their January 9, 1996 hearing, the immigration court issued new hearing notices, notifying them of a hearing on March 12, 1996. These notices were also sent via certified mail, return receipt requested, to the St. Louis address. Although these notices were returned to the immigration court without signatures, the returned envelopes provided the court with a forwarding address for Mr. and Mrs. Patel at the Village Park address. Upon receiving the forwarding address, the immigration court mailed via certified mail, return receipt requested, the notices to the Villa Park address, although it omitted the apartment number on the notices. Mr. and Mrs. Patel point to this omission as proof of deficient notice. Their argument fails, however, because the immigration court received the signed return receipts on February 22, 1995, indicating that the notices were delivered and signed for on February 20, 1995. Once again, because "written notice of a deportation proceeding [was] sent by certified mail through the United

States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises." *Id.* (quotation and citation omitted).

The IJ and BIA reasonably concluded that Mr. and Mrs. Patel failed to rebut this "strong presumption of effective service" because they did not provide "documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail." *Grijalva*, 21 I. & N. Dec. at 37. Mr. and Mrs. Patel *never* provided INS with the address where they purportedly lived during the time the notices were sent—the Lyons address. And, in their affidavits in support of nondelivery, Mr. and Mrs. Patel do not state that the January 9, 1996 hearing notices were not received.

### B. *OSCs*

Mr. and Mrs. Patel also claim that they never received their OSCs. "[U]nder section 242B(a)(1) of the Act, service of the Order to Show Cause must be given in person to the alien." *Id.* at 32. But

> [i]f personal service is not practicable, such notice must be given by certified mail[5] to the alien or to his counsel of record, if any, with the requirement that the certified mail receipt be signed by the respondent or a responsible person at the respondent's address to accomplish personal service.

*Id.*

---

[5]"Certified mail" is defined as "'certified mail, return receipt requested.'" *Id.* at 31 (quoting INA § 242B(f)(i)).

Here, Mr. and Mrs. Patel have not asserted that the OSCs should have been personally served on them. And, the record reflects that the INS sent the OSCs to Mr. and Mrs. Patel in accordance with *Grijalva*. Even assuming that Mr. Patel did not receive the OSC dated October 8, 1993, that was sent via certified mail, return receipt requested, on November 2, 1993, to the address Mr. Patel provided in his asylum application—the New York address—the record reflects that the INS properly sent OSCs to both Mr. and Mrs. Patel on August 18, 1995, via certified mail, return receipt requested, to the address that they provided in their applications for employment authorization—the St. Louis address. At the time, this address was the last address that INS had on file for Mr. and Mrs. Patel. In accordance with *Grijalva*, the record reflects that the return receipt for Mr. Patel's OSC was signed by "A. Patel" at that address on August 30, 1995. Likewise, the record reflects that the return receipt for Mrs. Patel's OSC was signed by "M. Patel" on September 9, 1995.

Although Mr. and Mrs. Patel averred that they never received the OSCs dated August 18, 1995, they have presented no evidence that the signatures appearing on the return receipts were not their signatures or "that there was no other responsible person living at [their] address at the time." *Adeyemo v. Ashcroft*, 383 F.3d 558, 561 (7th Cir. 2004) (observing that petitioner "presented evidence that the signature was neither his nor his ex-wife's and that there was no other responsible person living at his address at the time"). As a result, we conclude that the government satisfied its burden of showing delivery.

### III. *Conclusion*

Accordingly, we deny the petition for review.

———————————————

-12-