NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0680n.06

No. 11-3712

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 26, 2012*

LEONARD GREEN, Clerk

VADIM TIMCHENKO,                                     )
                                                     )      ON APPEAL FROM THE
            *Petitioner*,                             )      BOARD OF IMMIGRATION
                                                     )      APPEALS
v.                                                   )
                                                     )              O P I N I O N
ERIC H. HOLDER, JR., Attorney General,               )
                                                     )
            *Respondent*.                             )

BEFORE:     BOGGS and COLE, Circuit Judges; OLIVER, Chief District Judge.[*]

COLE, Circuit Judge.  Petitioner Vadim Timchenko appeals the decision of the Bureau of

Immigration Appeals ("BIA") denying his motion to reopen and rescind an order of deportation *in*

*absentia*, pursuant to the Immigration and Nationality Act ("INA") § 242B(c), 8 U.S.C. § 1252b(c).

Our review centers on whether the record provides a sufficient basis for the Immigration Judge ("IJ")

to conclude that Timchenko was personally served with written notice of his asylum hearing.

Because Timchenko failed to appear at that hearing, the IJ ordered him deported *in absentia*.

Thirteen years later, Timchenko filed a motion to reopen and requested that the court rescind the

order of deportation on the grounds that he did not receive proper notice.  The IJ denied the motion.

The BIA affirmed the IJ's decision without opinion.  We AFFIRM.

---

[*]The Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

## I.  BACKGROUND

Timchenko legally entered the United States on or about August 27, 1995, as a nonimmigrant

visitor for business.  On or about February 25, 1996, Timchenko's status was changed to

"nonimmigrant visitor for pleasure," permitting him to remain in the United States until August 24,

1996.  On August 6, 1996, Timchenko filed an application for asylum and withholding of

deportation with the Immigration and Naturalization Service ("INS"), now an arm of the Department

of Homeland Security.  An INS officer referred the matter to the Immigration Court.

On October 7, 1996, Timchenko was served with an Order to Show Cause, which charged

him as deportable and ordered him to appear before the Immigration Court in Memphis, Tennessee,

on November 14, 1996 for a master calendar hearing ("the November 14 hearing"). Timchenko

appeared *pro se* at the November 14 hearing, where he informed the court that his address had

changed to 37 Hickory Hollow Place, Antioch, TN 37013.  At the November 14 hearing, the IJ

informed Timchenko of a second master calendar hearing scheduled for January 7, 1997 ("the

January 7 hearing").  The court sent written notice of the January 7 hearing by certified mail to the

Hickory Hollow address, but the mail was marked "returned to sender."  Nevertheless, Timchenko

appeared at the January 7 hearing because he had written down the hearing date when the IJ

announced it during the November 14 hearing.

At the January 7 hearing, the IJ confirmed that Timchenko resided at the Hickory Hollow

address, but did not inform him that the government's attempt to send mail to that address had failed.

The court scheduled Timchenko's asylum hearing for March 4, 1997 ("the March 4 hearing"), and

orally informed Timchenko of the date three times in open court during the January 7 hearing.  The

IJ also advised Timchenko that he would receive written notice of the March 4 hearing. The record of the proceeding discloses that written "notice was provided to the alien in English and in Spanish. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands."

Timchenko did not appear at the March 4 hearing. The IJ ordered him deported *in absentia*, pursuant to now-repealed 8 U.S.C. § 1252b(c). On July 15, 2010, Timchenko filed a motion to reopen his asylum petition on the basis that he did not receive proper notice of the March 4 hearing. He claims that he "did not write down the March 4, 1997 date" when the IJ announced it and that he "never received [written] notice of that date . . . ." On July 29, 2010, the IJ issued an order denying the motion, reasoning that "[Timchenko] cannot claim a lack of notice of this hearing" because "the Court is satisfied that [Timchenko] was personally served with the hearing notice, scheduling him for his March 4, 1997 individual hearing." On June 9, 2011, the BIA affirmed the decision of the IJ without issuing a separate opinion. This appeal followed.

## II. ANALYSIS

*A. Standard of Review*

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision directly. *Camaj v. Holder*, 625 F.3d 988, 991 (6th Cir. 2010). We review questions of law de novo, but accord substantial deference to the agency's interpretation of the INA and accompanying regulations. *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). We review the agency's factual findings under the substantial-evidence standard. *Id.* "These findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting *Gishta v.*

*Gonzalez*, 404 F.3d 972, 978 (6th Cir. 2005)). We may not reverse the agency's findings of fact

"simply because we would have decided them differently." *Id.*

B. *Governing Law*

This case arises under 8 U.S.C. § 1252b (1996) (also referred to as INA § 242B), which was

repealed by § 308(b)(6) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

("IIRIRA"), Division C of Pub.L. No. 104-208, 110 Stat. 3009-615. "Although § 1252b was

repealed by IIRIRA, this section continues to govern 'an alien who is in . . . deportation proceedings

as of [IIRIRA's] effective date,' which was April 1, 1997." *Sanchez v. Holder*, 627 F.3d 226, 230

(6th Cir. 2010) (alterations in original). Timchenko's deportation[1] proceedings began on October

7, 1996, when the INS filed the Order to Show Cause regarding Timchenko with the Immigration

Court. *See* 8 C.F.R. § 1003.14(a). Therefore, § 1252b governs this appeal.

C. *Denial of Motion to Reopen*

Under § 1252b(c)(1), if an alien does not appear for a deportation hearing, the alien "shall

be ordered deported . . . in absentia." This order may be rescinded only if one of three conditions

is met: (1) the alien files a motion within 180 days of the date of the deportation order showing that

the failure to appear was due to exceptional circumstances; (2) the alien files a motion at any time

showing that he was in federal or state custody and failed to appear through no fault of his own; and

(3) the alien files a motion at any time showing that he did not receive proper written notice, in

accordance with § 1252b(a)(2). 8 U.S.C. § 1252b(c)(3). Timchenko did not file his motion to

---

[1] Successor statutes to 8 U.S.C. § 1252b use the term "removal" instead of "deportation." *Sanchez*, 627 F.3d at 230.

reopen within 180 days of the deportation order, and he does not contend that he was in federal or state custody. Therefore, he may obtain relief only if he can establish that he did not receive proper written notice of the March 4 hearing.

Timchenko carries the burden of proving that he did not receive proper written notice. *Scorteanu v. INS*, 339 F.3d 407, 411 (6th Cir. 2003) ("[I]n seeking recision of an *in absentia* deportation order, the burden rests on the movant to demonstrate . . . improper notice . . . ."). Where the government maintains that it sent notice via regular or certified mail, it need not prove actual service. *Matter of Grijalva*, 21 I. & N. Dec. 27, 33 (BIA 1995), *superseded by statute on other grounds*, 8 U.S.C. § 1229(a)(1), *as stated in Patel v. Holder*, 652 F.3d 962, 968 n.4 (8th Cir. 2011). Rather, an alien must rebut a presumption of effective service. *See Ba v. Holder*, 561 F.3d 604, 607 (6th Cir. 2009). To do so, the alien must show: (1) that he provided the court with a correct, current address; and (2) that the notice was never received. *See id.* An alien may prove non-receipt through an affidavit and circumstantial evidence, including a demonstration of diligence in attending deportation hearings, maintaining contact with INS during deportation proceedings, and promptly seeking to redress an order of deportation *in absentia*. *See id.*; *Matter of M-R-A-*, 24 I. & N. Dec. 665, 676 (BIA 2008). Logic suggests the same standards apply when the alien was served in person.

The IJ properly found that Timchenko received written notice of the March 4 hearing. The record provides a sufficient basis to support the IJ's finding of in-person service. The record of the proceeding contains a document, bearing the IJ's initials, stating that "[t]his written notice was provided to the alien . . . ." While the document does not indicate the manner in which notice was served, its presence in the record of the proceedings and the appearance of the IJ's initials upon it

permit an inference, at a minimum, that it was personally served on Timchenko at the January 7 hearing. In any event, nothing in the document or elsewhere in the record forecloses this possibility. Likewise, the IJ's statement at the January 7 hearing that he was "going to give" Timchenko written notice of the March 4 hearing further permits the inference that the IJ did provide written notice in person. Thus, the record provides a sufficient basis to create a rebuttable presumption of in-person service.

Even if the Immigration Court attempted to serve Timchenko by certified or regular mail, Timchenko bears the responsibility for any error that prevented the mail from reaching him. Timchenko concedes that he omitted the apartment number on the address he provided to the court. Therefore, he did not meet his obligation to provide the court with a correct, current address. To the extent that his diligence in attending the first two master calendar hearings suggests that lack of proper written notice alone kept him from the March 4 hearing, this suggestion is undercut by Timchenko's admission that the IJ orally informed him of the March 4 hearing date and his failure to make any contact with INS or the Immigration Court for more than thirteen years thereafter. Thus, Timchenko has only his own affidavit that he did not receive notice. This evidence does not so effectively rebut the presumption of service that it would compel a reasonable adjudicator to find to the contrary.

*D. Due Process Claim*

Timchenko further argues that the government's deportation order violates the Due Process Clause of the Fourteenth Amendment, because the government knew Timchenko's address was incorrect prior to the January 7 hearing, but failed to take any steps to correct its errors or to inform

Timchenko of any possible problem with the address. The accuracy of Timchenko's address is irrelevant to the issues before us because the government does not contend that it sent notice of the March 4 hearing by mail; rather, the IJ found that Timchenko was served in person. Therefore, this claim fails.

## III. CONCLUSION

For the preceding reasons, we AFFIRM.