[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16466
Non-Argument Calendar
_____

Agency No. A024-294-811

MUJO ADOVIC,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 4, 2013)

Before DUBINA, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Petitioner Mujo Adovic ("Adovic"), a national and citizen of the former Yugoslavia, seeks review of the Board of Immigration Appeals' ("BIA") final order dismissing his appeal of the Immigration Judge's ("IJ") denial of his motion to reopen his deportation proceedings, brought under the Immigration & Nationality Act ("INA") § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C)(ii), and INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii),  and its refusal to rescind an *in absentia* deportation order entered on September 1, 1994, for entering without inspection, in violation of former INA § 241(a)(2), 8 U.S.C. § 1251(a)(2).  Adovic argues that his lack of notice of the hearing on his deportation and his changed circumstances justify reopening the proceedings.  He also argues that the lack of notice violated his constitutional right to due process.

I.    Lack of Notice and Changed Country Conditions

We review for abuse of discretion the BIA's denial of a motion to reopen. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006).  "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (internal quotation marks omitted).  Moreover, factual findings are considered conclusive unless a reasonable factfinder would be compelled to conclude to the contrary. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003).  In the context of a motion to reopen, whether an alien received sufficient notice of his removal

2

hearing is a finding of fact. *See Contreras-Rodriguez v. U.S. Att'y Gen.*, 462 F.3d 1314, 1317 (11th Cir. 2006) (remanding for BIA to consider in the first instance whether petitioner received sufficient notice of hearing). An alien may move to reopen a deportation order entered *in absentia* at any time if he demonstrates that he did not receive notice. INA § 240(b)(5)(C); 8 U.S.C. § 1229a(b)(5)(C)(ii). This is an exception to the normal time and number limits on such motions. 8 C.F.R. § 1003.23(b)(4)(iii)(D).

Under the law in effect at the time Adovic entered the country,[1] former 8 U.S.C. § 1252(b) (repealed 1990), a deportation hearing could be held *in absentia* if the alien was given a reasonable opportunity to be present and, without reasonable cause, failed or refused to attend the proceedings. INA § 242(b), 8 U.S.C. § 1252(b) (1982). Under that law, failure to appear for a hearing could be excused and the *in absentia* order rescinded if the alien demonstrates "reasonable cause" for his absence. *See id.* An alien was required to be given notice, reasonable under all the circumstances, of the time and place at which the proceedings would be held. *Id.* The Immigration Act of 1990, made the notice requirements on the agency more stringent, and penalties for failure to appear more severe. *See* Pub.L. No. 101-649, § 545, 104 Stat. 4978 (1990). There appears to

---

[1] Adovic's deportation proceeding commenced before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") and is therefore governed by pre-IIRIRA law in effect when he was served with the order to show cause. *See Najjar v. Ashcroft*, 257 F.3d 1262, 1276-77 (11th Cir. 2001) (citing IIRIRA § 309(c)(1)).

be limited law applying the previous notice provisions. As discussed below, however, the notice here was sufficient to meet even the more stringent notice provisions now in effect, so we need not define the contours of the less stringent notice standard in effect prior to the passage of IRRIRA.

Under the more stringent provisions, where a hearing notice must be sent by certified mail and there was proof of attempted delivery and notification, the BIA determined that a strong presumption of effective service arises. *In re Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995), *superseded by statute on other grounds as stated in Patel v. Holder*, 652 F.3d 962, 968 n.4 (8th Cir. 2011). That presumption could be overcome by substantial and probative evidence that there was an improper delivery or that nondelivery was not due to the respondent's failure to provide an address where he could receive mail. *Id.* We have also held that, where there is no dispute that the INS sent a notice by certified mail to an alien's last known address, as a matter of law, there is no flaw in the notice given. *United States v. Zelaya*, 293 F.3d 1294, 1298 (11th Cir. 2002).

A motion to reopen may also be granted, despite time and number limitations, if the motion to reopen is for the purpose of reapplying for relief based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not

4

available and could not have been discovered or presented at the previous hearing. INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

We conclude from the record that the BIA did not abuse its discretion by dismissing Adovic's appeal of the IJ's denial of his motion to reopen. The agency notified Adovic of his hearing by certified mail, which constitutes reasonable notice under the circumstances. Although Adovic did not receive that notice, he provided no reason that it was due to post office error or that the INS failed to send notice to the last address that he provided. The BIA was not required to assume that Adovic's lack of actual notice was anyone's fault but his own when it had evidence of sufficient service and no evidence to the contrary. The BIA also did not abuse its discretion by rejecting Adovic's argument with respect to changed circumstances because he did not present evidence of material change. The evidence he presented, respecting the purported death of his brother, is facially insufficient to demonstrate changed circumstances, particularly given the lack of evidence to connect the person who died to Adovic or that person's death to overall country conditions. Accordingly, we conclude that the BIA did not abuse its discretion when it dismissed Adovic's appeal of the IJ's denial of his motion to reopen.

II.    Due Process

5

We review constitutional claims such as that for a deprivation of due process *de novo*. *Ali*, 443 F.3d at 808. "Due process is satisfied so long as the method of notice is conducted in a manner reasonably calculated to ensure that notice reaches the alien." *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1259 (11th Cir. 2002) (internal quotation marks omitted). This is satisfied by notice sent to the alien's last known address. *Id.* at 1260.

Adovic does not dispute that notice was sent to his last known address and presents no cases in this circuit suggesting that the rule described in *Dominguez* has been called into doubt. Due process was therefore satisfied.

Accordingly, we deny the petition for review.

**PETITION DENIED.**