# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3241

_____

Florencia Aguilar-Dominguez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 10, 2014
Filed: March 11, 2014
[Unpublished]

_____

Before LOKEN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Florencia Aguilar-Dominguez petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her motion to reopen and rescind. We affirm.

Aguilar-Dominguez, a citizen of Mexico, entered the United States without inspection in 1988. On May 19, 1993, she was personally served an Order to Show Cause (OSC) alleging that she had entered the country illegally and was subject to deportation. The OSC advised Aguilar-Dominguez that she would receive by mail, at the address she provided, notice of her deportation hearing to be held before an immigration judge. The OSC further warned that she was required to attend the hearing and that if she did not, she could be ordered deported in absentia.

On July 12, 1993, notice was sent by certified mail, return receipt requested, to Aguilar-Dominguez at the address she provided informing her that her hearing was scheduled for February 2, 1994. The notice also warned her again that if she failed to appear, she could be ordered deported in absentia. The return receipt was signed "Aguilar Dominguez" and was date-stamped July 19, 1993, by the post office.

Aguilar-Dominguez did not appear at the hearing. The immigration judge (IJ) found her deportable and ordered her deported in absentia. On February 10, 1994, the immigration court received a letter from Aguilar-Dominguez, dated February 2, 1994, explaining that she was unable to attend the hearing because of car trouble and cold and windy weather.

On October 21, 2010, Aguilar-Dominguez filed a motion in the immigration court to reopen and rescind. In support of her motion, Aguilar-Dominguez included her sworn declaration and declarations from her brother and sister-in-law, with whom Aguilar-Dominguez was living in July 1993. They all stated that they did not receive the notice of the deportation hearing scheduled for February 2, 1994. Aguilar-Dominguez asked that the case be reopened and the order of deportation be rescinded because of failure of notice. The IJ denied the motion to reopen and rescind, finding that Aguilar-Dominguez received sufficient notice of the deportation hearing. The BIA dismissed her appeal on August 28, 2012, after determining that the IJ's findings were not erroneous. Aguilar-Dominguez now petitions for review, arguing that her

declaration and the declarations of her relatives demonstrate that she did not receive the notice of her deportation hearing. She further contends that the failure of notice violated her rights to due process.

Because Aguilar-Dominguez's motion was filed more than 180 days after the date of the deportation order—indeed, more than sixteen years after—the in absentia deportation order may be rescinded, as relevant here, only "if the alien demonstrates that he or she did not receive notice" as required by 8 U.S.C. § 1229(a)(1). 8 C.F.R. § 1003.23(b)(4)(iii)(*2*); see also 8 U.S.C. § 1229a(b)(5)(C)(ii). We review the BIA's decision regarding a motion to reopen for an abuse of discretion. Patel v. Holder, 652 F.3d 962, 968 (8th Cir. 2011).

The notice in question was sent by certified mail, so there is a strong presumption that service was effective. See id. at 969. Aguilar-Dominguez has failed to come forward with "substantial and probative evidence to rebut the presumption." Id. The self-serving declarations of Aguilar-Dominguez and her relatives, with nothing more, are not probative evidence of a failure of notice, especially given the signed return receipt and Aguilar-Dominguez's contemporaneous follow-up letter to the immigration court. The BIA did not abuse its discretion in dismissing Aguilar-Dominguez's appeal from the IJ's denial of the motion to reopen and rescind. And because notice of the deportation hearing was proper, there can be no due-process violation.

We deny the petition for review.

_____